AO 93 (Rev. 12/09) Search and Seizure Warrant   (USAO CDCA Rev. 01/2013)

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>Two Samsung cellphones and one UMX cellphone seized by<br>Homeland Security Investigations ("HSI") on December 1,<br>2017, and two iPhones seized by HSI on December 5, 2017 | )<br>)<br>)  Case No.   2:18-mj-00447<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Central_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:
**See Attachment A**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
**See Attachment B**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.  Such affidavit(s) or testimony are incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before ____14 days from the date of its issuance____
*(not to exceed 14 days)*
☑ in the daytime  6:00 a.m. to 10 p.m.          ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.
                              *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                              ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   __2/28/18 at 1:20 p.m.__          _____
                                                                          *Judge's signature*

City and state:   Los Angeles, California          JACQUELINE CHOOLJIAN
                                                              UNITED STATES MAGISTRATE JUDGE
                                                              *Printed name and title*

SAUSA: S. Fernandez x3152



AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>2:18-mj-00447 | Date and time warrant executed:<br>3/12/2018  1200 pm | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:
[Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes).  If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.]

All phones were forensically processed and data was extracted for review for evidentiary purposes.

**Certification** (by officer present during the execution of the warrant)

I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.

Date: 3/16/2018

_____
Executing officer's signature

SA Richard Tovar
_____
Printed name and title

SAUSA: S. Fernandez x3152

**ATTACHMENT A**

<u>PROPERTY TO BE SEARCHED</u>

The following digital devices (the "SUBJECT DEVICES"), seized on December 1 and December 5, 2017, and currently maintained in the custody of Homeland Security Investigations in Los Angeles, California:

1. A silver Samsung, Model SM-J327P, Federal Communications Commission Identification Number ("FCC ID") A3LSMJ327P, seized from Reon JORDAN ("JORDAN") ~~and Renee LIVINGSTON ("LIVINGSTON")~~ on December 1, 2017;

2. A black UMX cellphone, Model U673C, FCC ID P46-U673C, Serial Number U673367715015984, seized from JORDAN ~~and LIVINGSTON~~ on December 1, 2017;

3. A black Samsung Galaxy cellphone with a cracked backside, Model S6 edge+, seized from ~~JORDAN and~~ RENEE LIVINGSTON on December 1, 2017;

4. A white Apple iPhone SE, Model A1723, FCC ID BCG-E3042A, IC:579C-E3042A, International Mobile Equipment Identity ("IMEI") 355796070059591, seized from Jonathan Glenn TOLIVER ("TOLIVER") on December 5, 2017; and

5. A black Apple iPhone, Model A1660, FCC ID BCG-3085A, IC:579C-e3085A, seized from TOLIVER on December 5, 2017.

**ATTACHMENT B**

I.   **ITEMS TO BE SEIZED**

1.   The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (possess with intent to distribute controlled substances) and 846 (conspiracy to distribute controlled substances); and Title 18, United States Code, Section 1956(a)(1) (knowingly conducting a financial transaction with proceeds from unlawful activity), namely:

a.   Records pertaining to the possession, manufacture, importation, exportation, and/or distribution of controlled substances and illegal proceeds, including invoices, shipping labels, wire transfer receipts, and tracking numbers.

b.   Receipts, notes, ledgers and other forms of records relating to drug distribution activities, including "pay/owe sheets."

c.   Lists of names, aliases, telephone numbers, pager numbers, facsimile numbers, physical addresses, and email addresses.

d.   Documents relating to travel by air, bus, car, rental car or other means, such as calendars, travel itineraries, maps, airline ticket and baggage stubs, frequent use club membership information and records associated with airlines, rental car companies, and/or hotels, airline, hotel and rental car receipts, credit card bills and receipts, photographs, videos, passports, and visas.

**Instrumentality Protocol**

i

e.   Photographs and/or videos of persons, real and personal property, weapons, drugs and other items related to drug trafficking or the proceeds of drug trafficking.

f.   Any SUBJECT DEVICE which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offenses, and forensic copies thereof.

g.   With respect to any SUBJECT DEVICE containing evidence falling within the scope of the foregoing categories of items to be seized:

i.   evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

ii.   evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

iii. evidence of the attachment of other devices;

iv.   evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

v.   evidence of the times the device was used;

vi.   passwords, encryption keys, and other access devices that may be necessary to access the device;

ii

vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

viii.     records of or information about Internet Protocol addresses used by the device;

ix. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

II.   **SEARCH PROCEDURE FOR DIGITAL DEVICES**

2.   In searching the SUBJECT DEVICES (or forensic copies thereof), law enforcement personnel executing this search warrant will employ the following procedure:

a.   Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") may search any SUBJECT DEVICE capable of being used to facilitate the above-listed violations or containing data falling within the scope of the items to be seized.

b.   The search team will, in its discretion, either search each SUBJECT DEVICE where it is currently located or transport it to an appropriate law enforcement laboratory or similar facility to be searched at that location.

c.   The search team shall complete the search of the SUBJECT DEVICES as soon as is practicable but not to exceed 120 days from the date of issuance of the warrant. The government

iii

will not search the digital devices beyond this 120-day period
without obtaining an extension of time order from the Court.

        d.    The search team will conduct the search only by
using search protocols specifically chosen to identify only the
specific items to be seized under this warrant.

        i.    The search team may subject all of the data
contained in each SUBJECT DEVICE capable of containing any of
the items to be seized to the search protocols to determine
whether the SUBJECT DEVICE and any data thereon falls within the
scope of the items to be seized. The search team may also search
for and attempt to recover deleted, "hidden," or encrypted data
to determine, pursuant to the search protocols, whether the data
falls within the scope of the items to be seized.

        ii.   The search team may use tools to exclude
normal operating system files and standard third-party software
that do not need to be searched.

        iii.  The search team may use forensic examination
and searching tools, such as "EnCase" and "FTK" (Forensic Tool
Kit), which tools may use hashing and other sophisticated
techniques.

        e.    If the search team, while searching a SUBJECT
DEVICE, encounters immediately apparent contraband or other
evidence of a crime outside the scope of the items to be seized,
the team shall immediately discontinue its search of that
SUBJECT DEVICE pending further order of the Court and shall make
and retain notes detailing how the contraband or other evidence

iv

of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

f.   If the search determines that a SUBJECT DEVICE does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the SUBJECT DEVICE and delete or destroy all forensic copies thereof.

g.   If the search determines that a SUBJECT DEVICE does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

h.   If the search determines that the SUBJECT DEVICE is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

i.   The government may also retain a SUBJECT DEVICE if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

j.   After the completion of the search of the SUBJECT DEVICE(S), the government shall not access digital data falling

v

outside the scope of the items to be seized absent further order of the Court.

3.    The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.